IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OSCAR GARFIO-ZAPIEN,<br><br>Defendant. | 4:21-CR-3007<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 36) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report on two points. Filing 36. The first is that the two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, should not be applied in this case. That section provides for a two-level enhancement when

> the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct or (B) a closely related offense.

Here, the defendant was involved in a plan to escape from detention, and the Court doesn't understand the defendant to be denying that conduct. Nor does he deny that his conduct was obstructive. *See United States v. Outlaw*, 946 F.3d 1015, 1019 (8th Cir. 2020). Rather, his argument is that the plot to escape occurred before he knew about a federal

investigation—so, the defendant contends, his conduct didn't relate to "the instant offense of conviction" within the meaning of § 3C1.1.

But the Guidelines aren't that narrow, and the Eighth Circuit has expressly rejected a distinction between state and federal authorities or proceedings in the context of § 3C1.1. *See United States v. Adediran*, 26 F.3d 61, 65 (8th Cir. 1994) (citing *United States v. Emery,* 991 F.2d 907 (1st Cir. 1993)). "[S]o long as *some* official investigation is underway at the time of the obstructive conduct, the absence of a *federal* investigation is not an absolute bar to the imposition of a section 3C1.1 enhancement." *Emery*, 991 F.2d at 921; *accord Adediran*, 26 F.3d at 65; *see United States v. Ball*, 999 F.2d 339, 340 (8th Cir. 1993); *see also United States v. Ayers*, 416 F.3d 131, 135 (2d Cir. 2005); *United States v. Roberts*, 243 F.3d 235, 240 (6th Cir. 2001); *United States v. Imenec*, 193 F.3d 206, 209 (3d Cir. 1999); *United States v. Self*, 132 F.3d 1039, 1042 (4th Cir. 1997); *United States v. Pompey*, 17 F.3d 351, 355 (11th Cir. 1994); *United States v. Mock*, 16 F.3d 1216 (5th Cir. 1994). Accordingly, the Court will tentatively overrule the defendant's objection on this point subject to argument at the sentencing hearing.

The defendant's other objection is a reference in the presentence report to messages found on the defendant's phone suggesting "someone was part of MS13 gang." Filing 36 at 1-2. The defendant objects that the information "does not provide a reasonable basis for the conclusion that the defendant is part of MS-13" and that the statement could affect the defendant's classification at the Bureau of Prisons. The Court notes that the presentence report doesn't actually say that the defendant was part of MS-13: just that "someone was." Nonetheless, the Court will certainly take this matter up at the time of sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 10th day of December, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge